# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JAMES D. KUYKENDALL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-00797-SGC |
| STEVE MARSHALL, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**[1]

This matter is before the court on the motion to dismiss filed by the defendant, Attorney General Steve Marshall. (Doc. 6). The plaintiff, James Kuykendall, has responded, and the motion is ripe for adjudication. (Docs. 15, 19). For the reasons discussed below, the defendant's motion to dismiss will be granted.

## I.   FACTUAL BACKGROUND

Kuykendall was operating his vehicle westbound on Interstate 20 in St. Clair County, Alabama, when he was involved in a collision with Christopher Smith's vehicle. (Doc. 1 at ¶ 5). No police officer or other law enforcement officer witnessed the accident. (Doc. 1 at ¶ 6). A law enforcement officer subsequently arrived on the scene and took statements from an eyewitness, Daniel Tibbetts, and the other driver, Smith. (Doc. 1 at ¶¶ 7-8). The witness told the law enforcement officer that

---

[1] The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 16).

Kuykendall applied his brakes as Smith tried to pass him on the right. (Doc. 1 at ¶ 7). Upon this information, the officer issued Kuykendall a Uniform Traffic Ticket and Complaint ("UTTC") for reckless driving under Alabama Code § 32-5A-190. (Doc. 1 at ¶ 8). The UTTC lists the details of the charge as "driver slammed on his brakes and caused a two-vehicle crash" and "witness also saw the crash." (Doc. 6-2 at 2). The UTTC also indicates Kuykendall was "released on [his] own recognizance." *Id*. Plaintiff's traffic case is pending in St. Clair County District Court and currently set for trial on August 2, 2021. *State v. Kuykendall*, No. TR-2019-003168 (St. Clair Cty. Dist. Ct., Pell City Div. *entered* Mar. 22, 2021), Doc. 25. Kuykendall requests this court enjoin the state proceedings against him and seeks an entry of judgment declaring Ala. Code § 32-5-171(b) unconstitutional.

## II.   STANDARD OF REVIEW

The Attorney General moves to dismiss Kuykendall's claims arguing he failed to state a claim for a Fourth Amendment violation. (Doc. 7 at 16). Further, the defendant moves to dismiss on jurisdictional grounds, asserting Kuykendall lacks standing and this court must abstain from exercising jurisdiction pursuant to the *Younge* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The applicable standards are set forth in turn.

### A.     Rule 12(b)(6) Motions for Failure to State a Claim

To survive a 12(b)(6) motion a complaint "must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  The court next "assume[s] the[] veracity" of all well-pleaded factual allegations and determines whether those allegations "plausibly give rise to an entitlement to relief." *Id*.

Generally, only the complaint itself and any attachments thereto may be considered on a motion to dismiss, even when the parties attempt to present additional evidence. *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014); *see also* FED. R. CIV. P. 12(d). However, a court may consider documents that are central to the plaintiff's claim and whose authenticity is not disputed when ruling on a motion to dismiss. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).  Finally, "[t]he Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Davis v. Williams*

*Communications, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

### B.   Rule 12(b)(1) Motion for Lack of Standing

"Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it is brought pursuant to Rule 12(b)(1)." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993). A 12(b)(1) motion takes one or two forms: a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529-30 (11th Cir. 1990). The defendant's 12(b)(1) motion is a facial attack on Kuykendall's standing. To evaluate this facial attack, the court examines whether the allegations in the complaint, taken as true, sufficiently allege subject matter jurisdiction. *Id*.

### C.   *Younger* Abstention Standard

The law lacks clarity regarding whether courts should analyze the *Younger* abstention doctrine under Rule 12(b)(1), challenging jurisdiction, or Rule 12(b)(6), attacking the sufficiency of the complaint. *Compare Fairfield Cmty. Clean Up Crew, Inc., v. Hale*, No. 17-308-LSC, 2017 WL 4865545, at *2-3 (N.D. Ala. Oct. 27, 2017) (applying Rule 12(b)(1) standard), *with Cano-Diaz v. City of Leeds*, 882 F. Supp. 2d 1280, 1284-85 (N.D. Ala 2012) (applying Rule 12(b)(6) standard). However, the choice of rule makes little practical difference because the court applies a standard akin to 12(b)(6) when addressing a facial attack on subject matter

jurisdiction under Rule 12(b)(1). *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The defendant's motion to dismiss references both 12(b)(1) and 12(b)(6), and his argument presents a facial attack. Therefore, this court applies Rule 12(b)(6) pleading standards to the motion.

## III.   DISCUSSION

In his motion to dismiss, the Attorney General argues Kuykendall lacks standing and this court must abstain from exercising jurisdiction pursuant to *Younger*. (Doc. 7 at 3). The challenged statute provides:

> (b) A law enforcement officer, as defined in Section 36-21-40, subsequent to a traffic accident, may issue a traffic citation to a driver of a vehicle involved in the accident when, based on personal investigation, the officer has prima facie evidence demonstrating grounds to believe that the person has committed any offense under Chapter 5, 5A, 6, 7, or 7A of Title 32.

Ala. Code § 32-5-171(b). First, the defendant asserts Kuykendall lacks standing for declaratory or injunctive relief because he has failed to show a substantial likelihood he will suffer future injury. (Doc. 7 at 7). Further, the defendant contends this court must decline to exercise jurisdiction over Kuykendall's claims pursuant to *Younger*. (*Id.* at 10). As explained below, Kuykendall's claims fail on both grounds, and each conclusion is addressed in turn.[2]

---

[2] The Attorney General also contends he is entitled to sovereign immunity and the plaintiff's claims fail on the merits—arguing the plaintiff failed to state a claim for a Fourth Amendment violation. (Doc. 7 at 3). Because Kuykendall lacks standing and this court must abstain from exercising jurisdiction pursuant to *Younger*, the court need not address the defendant's other arguments.

5

### A. <u>Standing</u>

To establish standing under Article III, a plaintiff must show: (1) "an injury in fact"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation marks omitted). The injury in fact must be "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id*. Because injunctions regulate future conduct, a party has standing only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

In assessing whether a future injury is likely to occur, the court considers whether a plaintiff is likely to have another encounter with an officer due to the same conduct that caused the past injury.[3] *J W ex rel Williams v. Birmingham Bd. Of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018); *see, e.g., Honig v. Doe*, 484 U.S. 305, 320 (1988). When standing is challenged at the pleading stage, as it is here, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (alteration

---

[3] "Individual standing requirements must be met by anyone attempting to represent his own interest or those of a class." *Lynch v. Baxley*, 744. F.2d 1452, 1456 (11th Cir. 1984).

incorporated) (quotation marks omitted). Thus, for this court to have jurisdiction to issue declaratory and injunctive relief—the only relief sought—Kuykendall must assert a reasonable expectation the injury he has suffered will continue or will be repeated in the future. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).

Generally, a party lacks standing to seek injunctive relief if he fails to sufficiently allege a substantial likelihood he will suffer future injury from the challenged ordinance. *See Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1215-16 (11th Cir. 2019). In *Worthy*, the appellants challenged the constitutionality of Phenix City's red light camera ordinance; they sought damages and injunctive relief. *Id*. To enjoin the use of red light cameras, the appellants had to allege facts from which it appeared there was a substantial likelihood they would suffer injury in the future. *Id*. at 1216. Ultimately, the court held the threat of future injury was not sufficiently real or immediate, particularly because "the main event that will trigger the potential future harm is a voluntary decision by one of the Appellants to violate the law." *Id*.; *see also Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1162 (11th Cir. 2008) (noting the Supreme Court has "voiced its hesitance to assume that the plaintiff will routinely violate the law in the future and thus be brought within arms' reach of the police").

Here, Kuykendall seeks a judgment declaring § 32-5-171(b) unconstitutional because it authorized law enforcement to issue him a traffic citation based on

unsworn statements from eyewitnesses in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. (Doc. 1 at ¶ 36) The Attorney General contends Kuykendall has failed to allege any facts that could establish a real and immediate threat of future harm and, therefore, lacks standing. (Doc. 7 at 8). In response to this argument, Kuykendall relies entirely on *Mitchum v. Foster*, 407 U.S. 225 (1972), asserting that like the plaintiff in *Mitchum*, he is subject to prosecution and a favorable outcome would stop that prosecution. (Doc. 15 at 6-8). However, the only similarity between *Mitchum* and the present case is the existence of a state court prosecution. *Mitchum* addressed the application of a federal anti-injunction statute—not standing—holding the statute did not categorically bar a federal court from enjoining state court proceedings. 407 U.S. at 242-43.

Kuykendall's constitutional challenge is to § 32-5-171(b), the procedure of issuing tickets upon unsworn statements from eyewitnesses, not § 32-5A-190, the reckless driving statue under which he is being prosecuted. (Doc. 1 at ¶ 36). To suffer injury under the challenged statute: (1) the plaintiff would have to be operating in violation of one of the relevant Alabama statutes; and (2) an officer who did not witness the violation would have to issue a ticket after determining the plaintiff committed the offense. Kuykendall has failed to allege sufficient facts that he is likely to suffer future injury from § 32-5-171(b). Like in *Worthy*, this court finds the threat of future injury here is not sufficiently real or immediate, particularly

because the main event that would trigger the potential future harm would be Kuykendall's voluntary decision to violate the law. *Worthy,* 930 F.3d at 1216. This court echoes the Supreme Court's hesitance to assume the plaintiff will routinely violate the law in the future and thus be brought within reach of the police and § 32-5-171(b). *See Browning*, 522 F.3d at 1162 (*citing* L*os Angeles v. Lyons*, 461 U.S. 95 (1983)). Accordingly, this court lacks jurisdiction as Kuykendall has failed to plead sufficient facts to establish standing.

### B.     *Younger* **Abstention**

Under the *Younger* abstention doctrine, a federal district court may properly abstain from exercising jurisdiction to avoid interfering with a plaintiff's pending state court proceedings. *Younger*, 401 U.S. 37. In *Younger*, the Supreme Court held federal courts should not stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. at 41. Accordingly, *Younger* abstention is required when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (citing *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009); *31 Foster Children v. Bush*, 329 F.3d 1255, 1275-82 (11th Cir. 2003)). In determining whether the federal proceeding would interfere with the state case, "the court looks to the relief requested

and the effect it would have on the state proceedings." *Cano-Diaz*, 882 F. Supp. 2d at 1286 (alterations incorporated).

*Younger* and its progeny recognize certain exceptions, including where: (1) there is evidence the state proceedings were motivated by bad faith; (2) there is no adequate alternative state forum to raise the constitutional issues; (3) the law in question is patently unconstitutional; or (4) a federal injunction is necessary to prevent great and irreparable injury. *Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)); *see also Redner v. Citrus Cty.*, 919 F.2d 646, 649 (11th Cir. 1990). Extraordinary circumstances may justify an exception to *Younger* when a state court cannot fairly and fully adjudicate the constitutional issues and the plaintiff presents "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975).

Kuykendall does not dispute there is an ongoing state proceeding which involves important state interests. (Doc. 15 at 10). Further, the requested equitable and injunctive relief—enjoining the state prosecution—would interfere with the traffic case pending in St. Clair County; it would end the proceeding entirely. The plaintiff argues, because this case falls under the bad faith and irreparable injury exceptions to *Younger* abstention, the state proceeding does not give him an adequate forum to raise his constitutional claims. (Doc. 15 at 10-11).

10

However, Kuykendall offers no evidence to support his contention the state proceeding does not give him an adequate forum to raise his claims, other than a passing reference to "*Mitchum* and its progeny." (Doc. 15 at 10). Again, *Mitchum* held that a federal anti-injunction statute did not categorically bar a federal court from staying a state court proceeding. 407 U.S. at 242-43. *Mitchum* noted *Younger* "emphatically reaffirmed 'the fundamental policy against federal interference with state criminal prosecutions.'" *Id*. at 230 (while acknowledging the aforementioned exceptions to abstention). *Mitchum* also explained "we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state proceeding." *Id*. at 243.

It is the plaintiff's burden to establish the state proceedings fail to provide an adequate opportunity to raise constitutional issues. *31 Foster Children,* 329 F.3d at 1279. In the absence of unambiguous authority to the contrary, a "federal court 'should assume that state procedures will afford an adequate remedy.'" *Id*. (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 15 (1987)). Kuykendall has alleged no facts to the contrary, and therefore, this court assumes there is adequate opportunity for him to raise his constitutional claims in state court during pre-trial proceedings, at trial, and/or in any appeals he may file if convicted.

Kuykendall next contends *Younger* does not apply because of the "bad faith" exception. (Doc. 15 at 12). In support of this argument, Kuykendall relies on

11

*Pettaway v. Marshall*, 19-1073-KOB, 2019 WL 3752475 (N.D. Ala. Aug. 8, 2015). (Doc. 15 at 12). A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Redner*, 919 F.2d at 650. As noted in *Pettaway*, other Supreme Court decisions held improper prosecutorial motive and harassment can also constitute bad faith sufficient to avoid *Younger* abstention. *Pettaway*, 2019 WL 3752475 at *9 (*see Cameron v. Johnson*, 390 U.S. 611, 619 (1968)). In *Pettaway*, the court found the plaintiffs' allegations sufficient to state a plausible claim of bad faith, citing the Attorney General's personal connection to the parties involved, including his public criticism of the plaintiff's brother (Sheriff Pettaway) and his failure to enforce gambling laws. *Id*. at *4. The court also pointed to the defendant's statement he would "handle" the Sheriff just a few months before initiating seizure and forfeiture proceedings against the plaintiffs. *Id*. There, the Attorney General's statements provided facts sufficient to support allegations the proceedings were initiated in bad faith with the intent to harass the plaintiffs and the Sheriff.

The facts here are clearly distinguishable from those in *Pettaway*. Kuykendall makes the following conclusory allegations:

> Ala. Code § 32-5-171, is unconstitutional because it allows for an arrest without probable cause. . . . Such arrests and traffic citations are in bad faith, and done solely to harass Mr. Kuykendall and the putative class because the state knows, in most cases, the costs of contesting such citations outweigh the benefits. . . . By definition, the practice of continuing prosecutions for misdemeanor crimes without probable

cause is carried on in bad faith, simply to create revenues through fines collected.

(Doc. 1 at ¶¶ 39-42). Unlike in *Pettaway*, Kuykendall has not pled sufficient facts to plausibly allege bad faith. Further, he does not plausibly claim the prosecution was undertaken with the motive to harass him or that the proceeding was brought without a reasonable expectation of obtaining a valid conviction. Therefore, the plaintiff's case does not fall under the "bad faith" exception to *Younger* abstention.

Kuykendall further contends *Younger* does not apply because of the "irreparable injury" exception. "A state statute may cause irreparable injury, justifying an exception to *Younger* abstention, when it flagrantly and patently violates express constitutional prohibitions." *Henry v. Fla. Bar*, 701 F. App'x 878, 882 (11th Cir. 2017) (citing *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004)). A law which is constitutional as applied in one manner may still contravene the Constitution as applied in another. *Watson v. Buck*, 313 U.S. 387, 402 (1941). The plaintiff argues "this case presents a direct, frontal challenge to the constitutionality of Ala. Code § 32-5-171(a), which purports to give a police officer the power to make a warrantless arrest 'although he or she did not personally see the violation.'" (Doc. 15 at 11). Kuykendall's only arguments regarding the "irreparable injury" exception to *Younger* relate to § 32-5-171(a). (Doc. 15 at 11-12). However, the plaintiff's constitutional challenge is to § 32-5-171(b), not § 32-5-171(a), which only applies to violations of § 32-5A-191—driving under the

13

influence. Kuykendall is being prosecuted for reckless driving via § 32-5-171(b), not driving under the influence via § 32-5-171(a). Thus, he lacks standing to challenge § 32-5-171(a) and cannot seek an exception to *Younger* for a statute unrelated to his current case.

Although not mentioned in his response, the plaintiff's complaint alleges "secondarily, Ala Code § 32-5-171(b), is flagrantly unconstitutional as it substitutes a standard, 'based upon personal investigation' for the standard of a sworn warrant or oath contained in the Fourth Amendment." (Doc. 1 at ¶ 43). The court is not persuaded by this argument. Section 32-5-171(b) provides:

> (b) A law enforcement officer, as defined in Section 36-21-40, subsequent to a traffic accident, may issue a traffic citation to a driver of a vehicle involved in the accident when, based on personal investigation, the officer has prima facie evidence demonstrating grounds to believe that the person has committed any offense under Chapter 5, 5A, 6, 7 or 7A of Title 32.

The plaintiff contends he "was improperly arrested and charged without a warrant as probable cause," violating the Fourth Amendment prohibition against warrantless searches and seizures. (Doc. 15 at 16; *See* Doc. 1 at ¶¶ 36-43). However, § 32-5-171(b) is not flagrantly and patently violative of express constitutional prohibitions as the irreparable harm exception requires. *Younger*, 401 U.S. at 53.

The Supreme Court "adhere[s] to the view that a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). Section 32-5-

14

171(b) allows officers to issue traffic citations based on a personal investigation giving grounds to believe the person involved violated the listed offenses. The statute does not authorize warrantless seizures of individuals in violation of the Fourth Amendment. The plaintiff's argument as to the "irreparable harm" exception fails because a traffic citation is not a seizure under the Fourth Amendment and, therefore, § 32-5-171(b) is not flagrantly and/or patently violative of express constitutional prohibitions. *See Karam v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003) (misdemeanor defendant who had to appear in court was not seized under Fourth Amendment where promise to appear was akin to promise "motorist makes when issued a traffic citation"); *Williams v. Chai-Hsu Lu*, 335 F.3d 807, 809 (8th Cir. 2003); *McNeill v. Town of Paradise Valley*, 44 F. App'x 871, *1 (9th Cir. 2002); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999) (traffic ticket that required a plaintiff to appear at hearing and answer to charges was not a "seizure"); *Bielanski v. County of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) ("No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes. To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim."); *Kingsland v. City of Miami*, 382 F.3d 1220, 1235-36 (11th Cir. 2004) *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020) (being "required to (1) pay a $1,000 bond; (2) appear at [an] arraignment;

and (3) make two trips from New Jersey to Florida to defend herself in court, pursuant to the authority of the state" did not "constitute a significant deprivation of [the plaintiff's] liberty" and therefore did not constitute "a seizure violative of the Fourth Amendment.").

Pursuant to *Younger*, this court will abstain from exercising jurisdiction because the plaintiff's state court case constitutes an ongoing state judicial proceeding, the trial implicates important state interests, there is an adequate opportunity in the state proceedings to raise constitutional challenges, and no exceptions to *Younger* abstention apply to this case. *Turner*, 542 F. App'x at 766 (citing *Christman*, 315 F. App'x 231, 232 (11th Cir. 2009); *31 Foster Children*, 329 F.3d at 1275-82).

## IV. CONCLUSION

For the reasons discussed above, the plaintiff lacks standing, and the court will abstain from hearing this case under the *Younger* abstention doctrine. Accordingly the court will grant the defendant's motion to dismiss.

A separate order will be entered.

**DONE** this 29th day of March, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE